**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Master Docket No. 06-cv-17430-WYD-CBS (MDL Docket No. 1743)

IN RE AMERICAN FAMILY MUTUAL INSURANCE COMPANY
OVERTIME PAY LITIGATION

---

**PROTECTIVE ORDER**

---

WHEREAS, there is a Stipulated Protective Order in <u>Baldozier</u> (Case No. 04-cv-02174) and a Stipulated Protective Order in <u>Schultz</u> (Case No. 04-cv-5512) as well as subsequent Stipulated Protective Orders in <u>Schultz</u> that more particularly govern the obligations of the parties; and

WHEREAS, the Court has determined that there should be a single protective order governing the MDL pretrial proceedings; and

WHEREAS, certain information, documents and things that are subject to discovery contain sensitive and financial information concerning applicants, claimants, insureds and others that is personal, private, privileged and confidential under state and federal law; and relates to the parties' operations, agreements, identification of customers, amount or source of income, profits, losses, expenditures, production, marketing, sales, or other information the disclosure of which would likely have the effect of violating state or federal law or harming the competitive position of the producing party (hereinafter "confidential information"); and

WHEREAS, in the ordinary course of their respective businesses the parties make significant efforts to keep such information confidential from competitors, customers and the public at large; and

WHEREAS, the Court in the <u>Schultz</u> lawsuit granted (over American Family's objection)

plaintiff Schultz's motion to compel and ordered American Family to provide to plaintiff Schultz's counsel the names, addresses and phone numbers of all Physical Damage Claim Analysts, Representatives and Examiners, but held that such production would be subject to a "Confidential Attorneys Eyes Only" protective order; and

WHEREAS, the parties have agreed to the terms of this Order and the Court finds that the terms of this Order are fair and just, and that good cause has been shown for entry of this Order.

**IT IS HEREBY ORDERED** that any person subject to this Order shall adhere to the following terms upon pain of contempt:

1. The Court finds that it is necessary for the parties in this MDL pretrial proceedings to exchange information and documents concerning employees, applicants, insureds, claimants and others that is personal, private, privileged or confidential under state or federal law.

2. The provisions of this Order shall apply to all depositions, productions of documents and things, answers to interrogatories, responses to requests for admissions, notes and all other discovery taken under the Federal Rules of Civil Procedure as well as testimony and exhibits adduced at trial, matters in evidence and any other information that a producing party may designate as protected in connection with this action.

3. For purposes of this protective order, the term "Confidential Information" shall refer to information that a party believes in good faith to be within the definition contained in the above "whereas" clauses, including trade secrets, confidential research and development, commercial or other proprietary business or financial information within the meaning of Fed. R. Civ. P. 26(c). Such Confidential Information may be contained in documents, revealed in response to discovery requests or elicited at deposition and designated as "CONFIDENTIAL" as set forth below. Confidential Information obtained pursuant to discovery in this litigation shall be

maintained by the receiving party in confidence and may be used only for purposes of this litigation.

4.  The term "Confidential Attorneys Eyes Only" means information designated in good faith by counsel for the producing party for the purpose of negotiating limited access to particularly sensitive Confidential Information that is intended by the producing party to be disclosed only to outside counsel, law firm personnel, in-house counsel, service bureaus, outside consultants or experts, and other qualified persons as designated by the Court or by agreement of counsel.

5.  Whenever a party desires to designate information as Confidential Information, that party shall mark each page of the document (or the first page of a voluminous document) with the word "CONFIDENTIAL" or the words "CONFIDENTIAL ATTORNEYS EYES ONLY" before the document is delivered to the requesting party or parties. A party may designate information contained in a document produced by a third party as Confidential Information by notifying the other parties to this litigation in writing within 30 days of receipt of copies of the documents produced. Any copy of a document which contains Confidential Information shall bear on its face "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY."

6.  Whenever a party desires to designate deposition testimony as Confidential Information, counsel for that party shall designate on the record of the deposition what testimony shall be so designated and may also, upon receipt of the transcript, designate further portions of the transcript as Confidential Information by notifying all parties to this litigation in writing within 30 days after receipt of the transcript.

7.  If at any time before trial in either the <u>Schultz</u> or <u>Baldozier</u> action, a producing

party realizes that certain documents or deposition testimony that party produced previously without limitation should be designated as Confidential Information, the party may so designate by apprising all parties in writing. Such designated documents or deposition testimony will thereafter be treated as Confidential Information under the terms of this Order.

8. If a party objects to the designation of information as "Confidential" or "Confidential Attorneys Eyes Only" or requests further limitations on disclosure, that party shall notify the other party in writing of the objection or request. The party making the designation and the party objecting to the designation will confer in good faith regarding any dispute over the designation. If the parties are unable to resolve their dispute, either party may ask the Court to make a determination.

9. If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents produced for inspection will be considered as having been marked "Confidential Attorneys Eyes Only." Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies or such documents as may contain protected subject matter with the appropriate confidentiality designation at the time the copies are produced to the inspecting party.

10. Designation by counsel of documents or other specified information as protected or receipt of documents or information designated as protected shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such.

11. A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made and failure to do so shall not preclude a subsequent

challenge. If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the producing party written notice of its disagreement. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of proving that the information has been designated properly as protected is on the party making such designation.

12. Confidential Information may be disclosed only to the following persons: (a) the parties; (b) the attorneys working on this matter on behalf of any party to this litigation and the attorney's employees; (c) any person who is retained by a party or attorney to assist in preparation of this matter for trial, but only after such person has been provided a copy of this Order and has acknowledged his or her willingness to abide by the Order by executing the Acknowledgment of Protective Order (attached); (d) any witness who will testify at a deposition or trial, but only after such person has been provided a copy of this Order and has acknowledged his or her willingness to abide by the Order by executing the Acknowledgment of Protective Order (attached); and (e) the Court. If a non-party witness falling within subparagraph 12(d) of this Protective Order is unwilling to execute the Acknowledgment of Protective Order, the party seeking to disclose Confidential Information to such person may move the Court for relief from the restriction of paragraph 12(d) as to such person for good cause shown and any other party or parties may oppose any such request. Until the issue is resolved by agreement of the parties or Order of the Court, the Confidential Information shall not be disclosed to such person.

13. Any person who makes a disclosure of Confidential Information permitted under the paragraphs 12(c) and 12(d) shall first advise each person to whom disclosure is to be made concerning the terms of this Order and provide them with a copy of this Order and have that

person sign the Acknowledgment of Protective Order (attached). Each signed Acknowledgment of Protective Order shall be retained by the disclosing party's counsel who will produce it to all parties' counsel either before the person being permitted to testify (at deposition or at trial) or at the conclusion of the case, whichever comes first.

14. "Plaintiffs' attorneys" means the attorneys of record for plaintiff in this action and other attorneys who are members or employees of the law firms of the attorneys of record but who are not themselves of record.

15. "Law firm personnel" means regular full or part time employees of the law firms (including student interns who have the same status, obligation and supervision as law firm employees) of the plaintiffs' attorneys to whom it is necessary that the protected information described in this order be disclosed for purposes of any dispute between the parties to this lawsuit.

16. Any Confidential Information submitted, presented or filed with the Court shall be filed under seal and shall not be made available to persons other than the Court and a person authorized under this Order. Notwithstanding the foregoing, either party at its discretion may confer with the other party before submitting, presenting or filing Confidential Information with the Court to determine whether the parties are able to reach an agreement regarding the necessity of submitting, presenting or filing the Confidential Information under seal. If the parties are unable to reach such an agreement, the information shall be filed under seal.

17. Confidential Information obtained pursuant to this Order may be used by the party who receives the information for purposes of this litigation only. The person shall not use Confidential Information in any other litigation or for commercial purposes or any other purpose. This Order is not limited to disclosure of the documents or materials themselves, but also prohibits disclosure of the substance of the information contained in the documents and materials

designated as confidential, except as provided herein.

18. All counsel receiving the information American Family produced pursuant to the Schultz court orders of May 4, 2005, June 17, 2005, January 5, 2006, and January 30, 2006 (copies attached) in which American Family was ordered to produce the names, addresses and phone numbers of its Physical Damage Claim Analysts, Representatives and Examiners shall continue to be subject to the terms of those orders, including the admonition of the Schultz court at the January 5, 2006 hearing at 5:3-19 (transcript attached). These court orders in Schultz shall remain in effect and be enforced by this Court. Such information (i.e., the names, addresses and phone numbers of American Family's Physical Damage Claim Analysts, Representatives and Examiners) shall not be produced to or shared with counsel for the Baldozier plaintiffs (Case No. 04-CV-2174-WYD-CBS), but the Baldozier plaintiffs' agreement to this Paragraph 18 is without prejudice to the Baldozier plaintiffs' right, if any, to move for modification of these orders and American Family's right, if any, to object to such modification.

19. All previous protective orders entered into in either Schultz or Baldozier remain in full force and effect for all discovery conducted by the parties to the date of this Order. This Order shall govern all conduct during the pendency of this MDL proceeding and to that extent supercedes the prior protective orders in both Schultz and Baldozier.

20. This Order shall survive the termination of the MDL proceedings or this litigation. At the end of each party's involvement in the MDL proceedings or this litigation, the party shall either destroy or return all documents or deposition transcripts containing Confidential Information to the party that designated the information and shall provide written confirmation of the party's compliance with this provision to the designating party. For purposes of this Order, a party's involvement in this MDL proceedings or this litigation is ended when the MDL

proceedings terminates or all claims the party has asserted and all claims asserted against that party are resolved by a final non-appealable order or settlement.

21. The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligation arising under this Order or to impose sanctions for any violations of this Order.

Dated this 5th day of April, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Master Docket No. 06-cv-17430-WYD-CBS (MDL Docket No. 1743)**

**IN RE AMERICAN FAMILY MUTUAL INSURANCE COMPANY
OVERTIME PAY LITIGATION**

---

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

---

I acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those documents and deposition testimony transcripts that have been designated as Confidential Information. I agree that I will not disclose such Confidential Information to anyone other than for purposes of this litigation and as permitted under the Order and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name: _____

Signature: _____

Dated: _____