### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

**Master Docket No. 06-cv-17430 WYD-CBS (MDL Docket No. 1743)**

**IN RE AMERICA FAMILY MUTUAL INSURANCE COMPANY
OVERTIME PAY LITIGATION**

---

### [PROPOSED] SCHEDULING ORDER

**This Relates to *Baldozier v. American Family* and *Schultz v. American Family***

---

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The parties, through their counsel of record, have attended Case Management
Conferences before Magistrate Judge Shaffer on, among other dates, July 24, 2006, October 24,
2007, and November 27, 2007.

### 2.  STATEMENT OF JURISDICTION

This Court has federal question jurisdiction, 28 U.S.C. §1331, under the Fair Labor
Standards Act, 29 U.S.C. §201 et seq.  The *Baldozier* plaintiffs (but not Plaintiff Schultz) have
asserted in their amended pleadings that the Court also has jurisdiction under the Class Action
Fairness Act, 28 U.S.C. §1332, but the defendant disputes that assertion.  Plaintiffs also have
alleged supplemental jurisdiction under 28 U.S.C. §1367; defendant has asserted that the Court
does not have supplemental jurisdiction over the state law class claims or, alternatively, has asked
the Court to decline supplemental jurisdiction over the state law class claims.

1

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiffs, on behalf of themselves and the persons who have opted into the two

FLSA collective actions, and the putative state law classes in Illinois, Ohio, Minnesota, and

Wisconsin, allege that defendant wrongfully misclassified them and similarly situated Physical

Damages Representatives as exempt from overtime when they were entitled to overtime.

b.      Defendant asserts plaintiffs and the collective actions and proposed classes were

properly classified and that they are not similarly situated.  Defendant also raises a number of

affirmative defenses, including but not limited to the following:  (1) Plaintiffs' claims are barred by

the applicable statutes of limitations, including but not limited to 29 U.S.C. §255; (2) there is no

private right of action under the record keeping provisions of the FLSA, §§ 211(c) or 215(a); (3)

Plaintiffs and members of the purported FLSA collective action thus lack standing to assert any

claim for alleged record keeping violations; (4) Plaintiffs and members of the purported FLSA

collective action are exempt from the requirements of the FLSA under 29 U.S.C. § 213; (5)

Defendant relied on administrative regulations, orders, rulings, approvals, and/or interpretations in

making decisions regarding classifications of employees and acted in good faith in conformity with

those administrative regulations, orders, rulings, approvals, and/or interpretations, which bars

Plaintiffs' FLSA actions under 29 U.S.C. § 259; (6) Defendant acted in good faith and had

reasonable grounds for believing that its acts were not a violation of the FLSA, as amended, and

is therefore not liable for liquidated damage under 29 U.S.C. § 260; (7) Defendant is not liable

because any wrongful acts or omissions of American Family were de minimus; (8) any hours for

which Plaintiffs did not receive overtime wages were not compensable hours under the FLSA or

any other statute, regulation, or law; (9) Defendant is entitled to a set-off against any unpaid

overtime wages relating to voluntary acts by Plaintiffs or any other similarly-situated employees;

(10) this Court lacks subject matter jurisdiction over Plaintiffs' state law class claims; (11)

Plaintiffs have failed to mitigate their damages, if any; (12) a Rule 23 class action may not be

joined with an FLSA collective action..

## 4. UNDISPUTED FACTS

None at this time.

## 5. COMPUTATION OF DAMAGES

Plaintiffs seek damages, under state and federal law, to compensate them for unpaid

overtime, including back pay, liquidated damages, interest, and attorneys' fees.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of rule 26(f) meeting:  There have been multiple status conferences and

hearings in this case since the *Baldozier* case was filed in 2004, and the *Schultz* case was

consolidated with the *Baldozier* case for pre-trial proceedings by the Judicial Panel on Multi-

District Litigation in February 2006.  On November 27, 2007, the Court instructed the Parties to

prepare this joint status report.

b.      Names of each participant: See Signature Block

c.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R.

Civ. P. 26(a)(1):  None.

d.      Statement as to when rule 26(a)(1) disclosures were made or will be made:  The

3

Parties began the disclosure and discovery process in 2005.  Discovery is ongoing.  The Parties will make supplemental disclosures as appropriate.

     e.    Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement.  If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all *pro se* parties: Not Applicable.

     f.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.  In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.  Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial- preparation materials after production of computer-generated records: Plaintiffs will seek computerized payroll records.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  CASE PLAN AND SCHEDULE

a.    Deadline for Joinder of Parties and Amendment of Pleadings: Not Set

b.    Discovery Cut-off: August 29, 2008.

Defendant's Position: This deadline and those in subsections (c) and (d) below were set at the status conference of November 27, 2007.  Defendant objects to these deadlines because its Motion to Compel written and deposition discovery of opt-in plaintiffs has been pending since February 6, 2006.  Since that date Defendant has been prevented from engaging in any discovery from opt in plaintiffs except documents and depositions of 18 witnesses selected by the plaintiffs in *Baldozier*.

Plaintiffs' Position: Plaintiffs submit that given the purposes underlying the FLSA, defendant should only be able to obtain document and deposition discovery from a reasonable sample of persons who have opted in.

c.      Dispositive Motion Deadline: October 13, 2008.  See Defendant's Position at 8(b).

d.      Expert Witness Disclosure

(1)      State anticipated fields of expert testimony, if any:

Plaintiffs: Damages.

Defendant: Damages and liability.

(2)      State any limitations proposed on the use or number of expert witnesses: 3 per side, absent leave from the Court.

(3)      The parties shall designate all experts on issues as to which they bear the burden of proof and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 2, 2008.  See Defendant's Position at 8(b).

(4)      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

July 18, 2008.  See Defendant's Position at 8(b).

        (5)     Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

        e.    Deposition Schedule:

Plaintiffs have deposed seven company designees pursuant to Rule 30(b)(6) (with the examination of two designees remaining open) and have deposed two manager witnesses (one of whom, Wilson, is also an opt in whom defendant questioned to some extent).  Plaintiffs are in the process of scheduling a number of depositions on the topics of willfulness/good faith for February, 2008.  In the two actions, defendant has taken the depositions of the five named FLSA plaintiffs (four in *Baldozier* and one in *Schultz*), four then-putative Rule 23 state law class representatives in *Baldozier*, and the 18 additional witnesses whose declarations the *Baldozier* Plaintiffs submitted in support of their motions to certify state law classes under Fed. R. Civ. P. 23.

Plaintiffs anticipate further depositions, including a deposition pursuant to Rule 30(b)(6) concerning the 2006 reorganization of the claims department, the elimination of the class job titles/positions, the new titles/positions in the reorganized claims department, any related changes in job duties, training, policies and procedures, supervisions and oversight, and the exempt/nonexempt classification of the new claims titles/positions, and the decision and review process relating thereto.

The parties' dispute about the number of depositions to be permitted from persons who

opted-in to the FLSA collective actions is pending before the Court.  Defendant has objected to

any limitation on discovery of parties.  Without waiving that objection, defendant will pursue

written discovery and depositions of persons who opted-in  to the FLSA collective actions to the

extent permitted by the Court.

        The parties also anticipate conducting depositions of any named expert.

        To the extent that the Court instructs the parties to designate, before the discovery cutoff,

the lay witness who will testify at trial, the parties intend to depose the lay witnesses then

designated.

        f.      Interrogatory Schedule:

              Plaintiffs prepared interrogatories that have been answered.  Defendant has

              prepared written discovery that plaintiffs have answered only on behalf of the

              named FLSA plaintiffs and proposed Rule 23 class representatives.  Since Plaintiffs

              have not answered on behalf of the remaining persons who opted in to the FLSA

              collective action, Defendant requests a ruling from the Court on that discovery.

        g.     Schedule for Request for Production of Documents:

              The Parties have submitted to the Court a dispute about the amount of document

              discovery to be permitted from persons who have opted into the FLSA claim.

              Defendant has prepared written discovery that plaintiffs have answered only on

              behalf of the named FLSA plaintiffs and proposed Rule 23 class representatives

              and produced some documents in the possession of the 18 declarants who

              American Family deposed.  Defendant requests a ruling from the Court on that

discovery as to the remaining persons who opted in to the FLSA collective action.

h.      Discovery Limitations:

(1)     Any limits which any party wishes to propose on the number of depositions:  The issue of the number of depositions and written discovery that will be permitted from persons who have opted into the FLSA claim is pending before the Court.

Defendant's Position: Defendant will urge the Court to permit and encourage the completion of discovery in the *Schultz* case as soon as possible.

(2)     Any limits which any party wishes to propose on the length of depositions: None.

(3)     Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules: Not Applicable

(4)     Limitations which any party proposes on number of requests for production of documents and/or requests for admissions: Not Applicable

(5)     Other Planning or Discovery Orders:  The parties have submitted to the Court a dispute about the number of FLSA opt-ins from whom Defendant may obtain written discovery and depositions.

## 9. SETTLEMENT

Defendant does not believe settlement talks will be useful at this time.  Plaintiffs are willing to participate in settlement talks in good faith, but if defendant does not believe they will be productive now, then Plaintiffs agree settlement talks should be deferred.

## 10. OTHER SCHEDULING ISSUES.

a.      Anticipated length of trial and whether trial is to the court or jury:

Plaintiffs estimate a three to four week trial.  Plaintiffs have requested a jury trial for their claims seeking damages.  Issues regarding injunctive relief will be submitted to the Court. Plaintiffs might consider stipulating to a bench trial for all issues.  Defendant anticipates needing six weeks for the *Baldozier* trial and three weeks for the *Schultz* trial, although the *Schultz* trial is not a scheduling issue for this Court.  Defendant does not anticipate stipulating to a bench trial at this time.

## 11.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

March 12, 2008 at 9:15 a.m. in front of Magistrate Judge Shaffer.

Counsel can appear by telephone.

c.      A final pretrial conference will be held in this case on January 8, 2009 at 9:15 a.m. before Judge Daniel.  Defendant assumes that this final pretrial conference will be held in the *Baldozier* case only.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of February, 2008.

BY THE COURT:

_____
Hon. Craig B. Shaffer
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| _/s/ James M. Finberg_____ | _/s/ Julie M. Williamson____ |
| Michael Rubin | Julie M. Williamson |
| James M. Finberg | Julie Trent |
| Eve H. Cervantez | Michael F. Mills |
| Peder J. Thoreen | BIEGING SHAPIRO & BURRUS, LLP |
| ALTSHULER BERZON LLP | 4582 S. Ulster Street Parkway, Suite 1650 |
| 177 Post Street, Suite 300 | Denver, CO 80237 |
| San Francisco, CA 94108 | Telephone: (720) 488-0220 |

Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Robert F. Hill
John F. Walsh
Jennifer H. Hunt
HILL & ROBBINS, P.C.
100 Blake Street Building
1441 Eighteenth Street
Denver, CO 80202
Telephone: (303) 296-8100
Facsimile: (303) 296-2388

Steven G. Zieff
David A. Lowe
Kenneth J. Sugarman
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

Jeffrey Lewis
Todd Jackson
LEWIS, FEINBERG, LEE, RENAKER &
JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 385-7839

Kelly Dermody
Heather Wong
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Earl H. Munson
Sarah A. Zylstra
Catherine Cetrangolo
BOARDMAN, SUHR, CURRY & FIELD, LLP
One S. Pinckney St., Fourth Floor
P.O. Box 927
Madison, WI 53701-0927
Telephone: (608) 257-9521

James P. DeNardo
McKENNA STORER
33 N. LaSalle Street, Suite 1400
Chicago, IL 60602
Telephone: (312) 558-3922

*Attorneys for the Defendant*

11

Rachel Geman
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile:  (212) 355-9592

Thomas A. Warren
LAW OFFICE OF THOMAS A.
WARREN
2032-D Thomasville Rd
Tallahassee, FL 32308
Telephone: (850) 385-1551
Facsimile: (850) 385-6008

*Attorneys for the Plaintiffs in* Baldozier,
*Collective Action, and Proposed OH, WI,
and MN Classes*


Daniel J. Gatti
GATTI, GATTI, MAIER, KRUEGAR,
SAYER & ASSOCIATES
1781 Liberty Street, S.E.
Salem, OR 97302
Telephone: (503) 363-3443
Facsimile: (503) 371-2482

Laurie Ellen Leader
KENT COLLEGE OF LAW
ILLINOIS INSTITUTE OF
TECHNOLOGY
565 West Adams Street #600
Chicago, IL 60661-3601
Telephone: (312) 906-5048
Facsimile: (312) 906-5299

Lawrence Walner
Michael S. Hilicki
LAWRENCE WALNER & ASSOCIATES,

LTD.
150 North Wacker Drive #2150
Chicago, IL 60606
Telephone: (312) 201-1616
Facsimile: (312) 201-1538

Richard B. Wynkoop
WYNKOOP & THOMAS PC
4410 Yates Street
Denver, CO 80212
Telephone: (720) 855-0451
Facsimile: (720) 855-0469

*Attorneys for the Plaintiffs, Collective
Action, and Proposed IL Class in* Schultz

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

I hereby certify that on February 1, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

ecervantez@altber.com
ccentrangolo@boardmanlawfirm.com
jdenardo@mckenna-law.com
jfinberg@altber.com
jamesb@gattilaw.com
mhilicki@walnerclassaction.com
roberthill@hillanddrobbins.com
lleader@kentlaw.edu
dal@rezlaw.com
mmills@bsblawters.com
pwmollica@mmmglaw.com
emunson@boardmanlawfirm.com

mrubin@altber.com
kjs@rezlaw.com
ktauras@mkenna-law.com
jtrent@bsblawyers.com
walner@walnerclassaction.com
joyhnwalsh@hillandrobbins.com
tw@nettally.com
jwilliamson@bsblawyers.com
hwong@lchb.com
rickwynkoop@yahoo.com
szieff@rezlaw.com
szylstra@boardmanlawfirm.com

/s/ James M. Finberg
James M. Finberg
*Attorneys for the Plaintiffs in* Baldozier,
*Collective Action, and Proposed OH, WI,
and MN Classes*
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jfinberg@altber.com

1