IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Master Docket No. 06-cv-17430-WYD-CBS (MDL Docket No. 1743)

IN RE AMERICAN FAMILY MUTUAL INSURANCE CO. OVERTIME PAY LITIGATION

---

ORDER

---

This matter is before the Court on American Family's Motion to Reconsider Summary Judgment in Schultz or in the Alternative, Motion to Refer the Schultz Lawsuit Back to the MDL Panel for Remand to the Northern District of Illinois, filed January 31, 2008 (docket # 188), asking the Court to reconsider its Order of October 9, 2007. That Order denied Defendant's motions for summary judgment.

Specifically, I found that American Family had not demonstrated that Plaintiffs are subject to the administrative exemption of the Fair Labor Standards Act, because they have not shown that Plaintiffs exercise discretion and independent judgment as to matters of significance. I further found that Plaintiffs' job duties truly involve the application of skill in applying well-established "techniques, procedures or specific standards described in manuals or other sources," as opposed to duties that involve the ability to make independent choices free from immediate direction or supervision. 29 C.F.R. § 541.202(c) & (d). Additionally, I found that the Department of Labor's description of the job duties of adjusters in the 2002 Opinion Letter are different from the job duties of Plaintiffs in this case in many significant respects. First, Physical Damage Claim Analysts ("PDCA") do not have complete discretion and independent judgment with respect to the claims they handle. While PDCAs work independently, they process

claims with in the guidelines established by American Family.  In addition, PDCAs do not make coverage determinations, they do not use their own judgment to determine the value of a particular claim, nor do they determine who is liable.  Finally, PDCAs do not engage in meaningful "negotiation" of claims.  PDCAs are required to write an accurate damage or total loss estimate and reach agreement with claimants by explaining how they generated this estimate.  PDCAs do not have the authority to deviate from prescribed estimating procedures, and therefore, they have no real ability to negotiate the claims they resolved.

American Family contends that on January 4, 2008, the Court of Appeals for the Seventh Circuit issued a decision in *Roe v. Midgett v. CC Services, Inc.*, 512 F.3d 865 (7th Cir. 2008), that effectively puts an end to the Schultz lawsuit.  American Family asserts that because the facts in *Roe-Midgett* are directly on point, reconsideration and summary judgment in favor of American Family is warranted.  Further, American Family asserts that according to *Dow Co. Sarabound Products Liab, Litig.*, 666, F. Supp. 1466, 1468 (D. Colo. 1987), the transferee court is obliged to apply the law of the federal circuit which encompasses the transferor federal district court.  Additionally, American Family asserts that because this case will be referred back to the Northern District of Illinois, and *Roe-Midgett* is binding Seventh Circuit precedent on the Northern District of Illinois, I should in turn apply the law of the Seventh Circuit.

I must first determine the appropriate standard for reviewing Plaintiff's motion.  "Prior to entry of final judgment, district courts have the inherent power to alter or amend interlocutory orders."  *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000);  *Nelson v. Kansas*, No.99-4184-DES,

2001 WL 1597959 at *3 (D. Kan. 2001) ("It is well within the court's discretion to revise interlocutory orders prior to the entry of final judgment." "'This inherent power is not governed by rule or statute and is rooted in the court's equitable power to process litigation to a just and equitable conclusion.'" *Nat. Business Brokers*, 115 F. Supp. 2d at 1256 (quotation and internal quotation marks omitted). "Thus, a court can alter its interlocutory order even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied." *Id.*

"Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Id.* (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.*, (quotation omitted). "'A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence.'" Id. (quotation and internal quotation marks omitted). *See also Nelson*, 2001 WL 1597959 at *4 (noting that the distinction between a motion to reconsider an interlocutory order and a Rule 59(e) is somewhat academic because "courts routinely turn to the standards established under Rule 59(e) for instruction in constructing a review standard when considering a possible revision of an interlocutory order." *4.

In the case at hand, American Family is essentially arguing that there is an intervening change in the controlling law. Before I address the merits of *Roe-Midgett*, I will discuss whether I am obliged to apply the law of the Seventh Circuit in resolving

3

questions of federal law in this multi-district litigation. "While initially transferee courts applied the law of the transferor circuit it is now well accepted that the transferee court applies the law of its circuit when interpreting questions of federal law" *In re Merthyl Tertiary Butyl Ether Products Liab. Litig.*, 2005 U.S. Dist. LEXIS 753, *10. Prior to 1987 and the decision in *In re Korean Air Lines Disaster*, 265 U.S. App. D.C. 39 (D.C. Cir. 1987), courts followed the opinions of the transferor courts in multi-district litigation rather than the law of the transferee court when interpreting a federal statute or the U.S. Constitution. *Id*. I believe that *In re Dow Co. Sarabond Prods. Liab. Litg.*, a case decided in 1987, is one of such cases. Nonetheless, I am not bound by the decisions of other district courts and I do not find that case to be persuasive in light of more recent jurisprudence.

In *In re Korean Air Lines Disaster*, then-circuit judge Ruth Bader Ginsburg explained why a district court should apply the decisions of its own circuit to cases transferred to it by the MDL Panel:

> Applying divergent interpretations of the governing federal law to plaintiffs, depending solely upon where they initially field suit, would surely reduce the efficiencies achievable through consolidated preparatory proceedings. Indeed, because there is ultimately single proper interpretation of federal law, the attempt to ascertain and apply diverse circuit interpretations simultaneously is inherently self-contradictory. ...it is logically inconsistent to require one judge to apply simultaneously different and conflicting interpretations of what is supposed to be a unitary federal law.

Id. at 1175-76.

American Family asserts that because there is no Tenth Circuit law exists that is on point with the issues in this case, *Korean Air* requires me to endeavor to create uniform federal law, which means that I must follow *Roe-Midgett*. I disagree with

4

American Family's analysis. Then circuit judge Ginsburg stated, "the transferee court [should] be free to decide a federal claim in the manner it views as correct without deferring to the interpretation of the transferor circuit. *Id.* Quoting Marcus, *Conflict Among Circuits and Transfers Withing the Federal Judicial System*, 93 Yale L.J. 677, 721 (1984). The fundamental rationale behind the holding was that federal courts have not only the power but the duty to engage independently in reasoned analysis. *Id.* at 1175. The law of the transferor circuit "merits close consideration, but [it] does not have stare decisis effect in a transferee forum situated in another circuit." *Id.* at 1176.

American Family asserts that the U.S. Supreme Court decision in *Lexecon v. Milberg Weiss*, 523 U.S. 26 (1998) has rendered the rationale in *Korean Air* for applying the law of the transferee court as no longer applicable. The issue before the Court in *Lexecon* was whether the MDL transferee court could assign to itself for trial, cases transferred to it pursuant to 28 U.S.C. § 1407 for coordinated and consolidated pretrial proceedings. *Id.* at 28. The Court held that a district court conducting pretrial proceeding pursuant to section 1407(a) has no authority to invoke section 1404(a) to assign a transferred case to itself for trial. *Id.* at 40-41. By its terms, *Lexecon* does not alter the general proposition of *Korean Air* that district courts should apply the law of the transferee circuit. *See In re Merthyl*, 2005 U.S. Dist. LEXIS 753 *19 (Holding that even after *Lexecon*, district courts should apply the law of the transferee circuit).

I also note that section 1407 reads, in part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such

5

proceedings will be for the convenience of parties and witness and will promote *just and efficient conduct* of such actions. (Emphasis added).

"In this instance, the phrase 'just and efficient' has a distinct meaning.

The legislative history, including the reports of the Congressional Committees and of the Judicial Conference, and by testimony before Congress of its authors, makes it clear that [section 1407's] remedial aim is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multi-district civil actions."

*In re Methyl*, at *19-20 (*citing In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968) (extensively citing legislative history of statute). "Without limiting the sources of binding precedent, each motion in multi-district litigation could easily turn into a review of the interpretations of all or most of the circuits, a result at odds with the fundamental purpose of section 1407. This would have a debilitating effect on the court's ability to resolve motions in a timely and efficient manner." *Id.* Therefore, I find that Tenth Circuit precedent controls my interpretation of federal law in this multi-district litigation. I am bound only by the opinions of the Supreme Court and Tenth Circuit.

Although I am not required to follow or defer to the ruling of the Seventh Circuit in this manner, I will closely consider the court's decision in *Roe-Midgett*. *See Korean Air*, 829 F.2d at 1176. (The law of the transferor forum merits close consideration). In *Roe-Midgett*, the plaintiffs contended that their employer CC Services Inc. ("CCS") improperly classified them as administrative employees exempt from FLSA overtime requirements. CCS contracts with insurance companies to provide claims processing services for auto, home, commercial, and farm policies. *Roe Midgett*, 512 F.3d at 868. The plaintiffs argued that the duties of the material damage appraisers (MDAs) do not directly relate to CCS's management policies or general business operations and do not

6

require the exercise of discretion and independent judgment. *Id.* The court held that material damage appraisers (MDAs) who worked for insurance company clients were administrative employees exempt from Fair Labor Standards Act overtime requirements under 29 USCS § 213(a)(1) because the MDAs' duties directly related to employer's business operations and reflected sufficient degree of discretion and independent judgment. *Id.* Further, the court noted that there was undisputed evidence that MDAs spend most of their time in the field investigating, estimating, and settling auto damage claims –unsupervised and up to their $12,000 limit of authority. *Id.* at 875.

I find that American Family's Motion to Reconsider should be denied. In this case, American Family has failed to demonstrate any change in controlling law. *Roe-Midgett* applies the same tests and considerations at issue when I denied Defendant's motions for summary judgment. Further, the application of the administrative exemption necessitates a fact specific inquiry that must be made on a case- by-case basis. *See e.g., Bohn v. Park City Group, Inc.*, 94 F.3d 1457, 1461 (10th Cir. 1996). I find, after careful review of my October 9, 2007 Order and the facts in *Roe-Midgett*, that there are sufficient facts to distinguish the instant case from *Roe-Midgett*. Additionally, I find that American Family's Motion to Refer Schultz Back to the MDL Panel should be denied. American Family has provided no legal authority which requires me to refer the Schultz Lawsuit back to the MDL panel for remand.

Based on the foregoing, it is hereby

ORDERED that American Family's Motion to Reconsider Summary Judgment in Schultz or, in the alternative, Motion to Refer the Schultz Lawsuit Back to the MDL Panel for Remand to the Northern District of Illinois, filed January 31, 2008 (docket

#188) is **DENIED**.

Dated: September 18, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge