UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Master Docket No. 06-cv-17430-WYD-CBS (MDL Docket No. 1743)

IN RE AMERICAN FAMILY MUTUAL INSURANCE CO. OVERTIME PAY LITIGATION

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S ORDER**

THIS MATTER is before the Court on American Family's Appeal of the Magistrate Judge's Decision to Limit Opt-In Discovery, filed February 21, 2008 [#202]. Both the *Baldozier* and *Shultz* Plaintiffs have filed responses to the appeal, and American Family has filed a reply. For the reasons set forth here, I adopt and affirm Magistrate Judge Shaffer's decision.

Defendant appeals a ruling made during a February 6, 2008, hearing in which Magistrate Judge Shaffer ordered that as to the *Baldozier* Plaintiffs, Defendant would be entitled to written discovery and document production from an additional 35 opt-in plaintiffs (selected by Defendant) and may depose 20 opt-in plaintiffs (selected by Defendant). As to the *Shultz* Plaintiffs, Magistrate Judge Shaffer ordered that Defendant may serve written discovery on all of the opt-in Plaintiffs and may depose 10 opt-in Plaintiffs. *See* Minute Order [#192]. The Minute Order setting forth Magistrate Judge Shaffer's ruling, as well as Magistrate Judge Shaffer's reasoning and comments made during the February 6, 2008 hearing, are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

Prior to the February 6, 2008, hearing before Magistrate Judge Shaffer,

American Family filed a Motion to Compel Individualized Discovery, a Statement as to Individualized Discovery, a Response to Plaintiff's Joint Pretrial Discovery Plan, and a Supplemental Submission on Question of Representative Versus Individualized Discovery, all of which sought the opportunity to request individual discovery as to each of the opt-in Plaintiffs in both the *Baldozier* and *Shultz* cases.

Turning to the merits of the appeal, since the matters at issue involve nondispositive pretrial motions, I must review the Magistrate Judge's Order under a more deferential standard by which Defendant must demonstrate that it is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

As an initial matter, I note that discovery, in general, is not without limitations, and the district court has broad discretion over the control of discovery. *Gaines v. Ski Apache*, 8 F.3d 726, 730 (10th Cir. 1993); FED. R. CIV. P. 26(b)(2). The Court has a duty to ensure that discovery requests are reasonable. *In re: Sur. Ass'n of Am.*, 388 F.2d 412, 414-15 (2d Cir.1967); *Laws v. Cleaver*, 1999 WL 33117449 (D. Conn. 1999). Pursuant to Rule 26(b)(2)©, the Court may limit discovery, either on its own initiative or pursuant to a motion for a protective order, if it determines that (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought;

or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *Alexander v. F.B.I.*, 194 F.R.D. 316, (D.D.C. 2000).

Here, Defendant maintains that the limitations imposed by Magistrate Judge Shaffer's Order are contrary to law and clearly erroneous because: "(1) plaintiffs appear to have conducted their own opt-in discovery and are now using that discovery to unfairly surprise American Family; (2) Congress banned representative actions, required active participation and imposed 'party plaintiff' status to opt-ins under the Portal-to-Portal Act amendment to the FLSA; (3) limiting opt-in discovery violates both due process and the discovery requirement of the federal rules; (4) limiting written discovery and document production to 35 opt-ins is arbitrary; and (5) limiting depositions is improper under *Thiessen's* two-step process." Appeal at 2. Upon careful review of these arguments, I find that Magistrate Judge Shaffer's decision to impose limitations on Defendant's ability to obtain discovery from some of the opt-in Plaintiffs is neither clearly erroneous nor contrary to law.

First, I address Defendant's contention that any limitation on opt-in discovery in an FLSA case is clearly erroneous or contrary to law because "Congress banned representative actions, required active participation and imposed 'party plaintiff' status to opt-ins under the Portal-to-Portal Act amendments to the FLSA." Appeal at 2. Defendant notes that the passage of the Portal-to-Portal Act amendments to the FLSA

changed the procedures for filing FLSA actions from a "representative" action, similar to a Rule 23 class action, to an "opt-in" scheme requiring an employee to file a written consent to participate in the FLSA action and to be bound by its judgment.  *See* Section 5 of the Portal-to-Portal Act of 1947, Pub. L. 49, ch. 52, 61 Stat. 87; *see also Dolan v. Project Const. Corp.*, 725 F.2d 1263, 1267 (10th Cir. 1984).  While this change in procedure differentiated the manner in which individual plaintiffs may join a collective action from the manner in which they become part of a class action, it does not necessarily follow that a defendant in a collective action is automatically entitled to full discovery from each and every member of the collective action, without limitation.

It is true that federal district courts do not take a uniform approach with respect to this issue.  Some courts have treated opt-in plaintiffs as ordinary party plaintiffs, subject to the full range of discovery.  *See Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180 (C.D. Cal., Oct. 25, 2004) (unreported); *Kaas v. Pratt & Whitney*, 1991 WL 158943 (S.D. Fla. 1991) (unreported); *Krueger v. New York Telephone Co.*, 163 F.R.D. 446, 449-52 (S.D.N.Y. 1995); *Brooks v. Farm Fresh, Inc.*, 759 F.Supp. 1185, 1188 (E.D. Va. 1991).  However, several district courts have exercised their discretion and placed limits on discovery with respect to opt-in plaintiffs in a collective action.  *See Cranney v. Carriage Servs.*, 2008 WL 2457912 (D. Nev, June 16, 2008) (unreported); *Geer v. Challenge Financial Investors Corp.*, 2007 WL 1341774 (D. Kan., May 4, 2007) (unreported); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F.Supp.2d 224, 231 (W.D.N.Y. 2006); *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 257 (S.D. Ohio 2006); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F.Supp.2d 1342, 1344 (N.D. Ga. 2002); *McGrath v. City of*

*Philadelphia*, 1994 WL 45162 (E.D. Pa., Feb. 10, 1994) (unreported); *Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992).  With no authoritative guidance from the Tenth Circuit, and given the different approaches taken by various district courts throughout the country, I cannot conclude that Magistrate Judge Shaffer's decision to limit discovery in this case is contrary to law.     I also reject Defendant's assertion that limiting opt-in discovery somehow violates both due process and the discovery requirement of the federal rules.  As discussed above, the trial court retains broad discretion to limit discover pursuant to Rule 26(b)(2).  I am not persuaded by Defendant's contention that the discovery limits imposed by Magistrate Judge Shaffer will deny them from mounting a defense in violation of their due process rights. Presumably, Defendant seeks individualized discovery in order to support a motion for decertification of the collective action under the two-step approach for determining whether plaintiffs are "similarly situated" under *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102-3 (10th Cir. 2001).  In this case, the Court has issued an initial "notice stage" determination that Plaintiffs are "similarly situated," based on allegations that all Plaintiffs are all vehicle physical damages claims representatives who have been denied overtime pay.  Following discovery, the Court will makes a second determination of whether the plaintiffs are "similarly situated" under a stricter standard, which includes analysis of the "disparate factual and employment settings of the individual plaintiffs." *Thiessen*, 267 F.3d at 1103.  In his Order, Magistrate Judge  Shaffer sought to strike a balance between allowing Defendant enough information to support a motion for stage-two decertification while at the same time not undermining the purpose of conditionally

certifying the collective action. Defendant has not demonstrated that these discovery limits will undermine their defense to the extent that it would result in a due process violation.

I next address Defendant's contention that limiting its ability to depose all of the opt-in Plaintiffs is improper under *Thiessen*'s two-step process. As discussed above, Defendant is entitled to enough information to support a motion for stage-two decertification. However, contrary to Defendant's assertion, *Thiessen* does not hold that individualized discovery of each and every opt-in plaintiff is required. Magistrate Judge Shaffer determined that depositions of all opt-in Plaintiffs in both cases would be unduly burdensome. Magistrate Judge Shaffer also reasoned that individual discovery of each opt-in Plaintiff was unnecessary because Defendant has access to Plaintiffs' personnel files, job descriptions and internal manuals, as well as access to Plaintiffs' supervisors and managers. Tr. at 18. I agree with Magistrate Judge Shaffer's reasoning. Defendant employed Plaintiffs, dictated their job titles and job duties, and managed their performance. Defendant can certainly utilize information from its supervisors and managers to establish the "disparate factual and employment settings of the individual plaintiffs." *Thiessen*, 267 F.3d at 1103. I am not convinced that individualized discovery from every opt-in Plaintiff is necessary under the specific facts in this case.

For these same reasons, I also reject Defendant's argument that Magistrate Judge Shaffer's decision is arbitrary. A review of the transcript of the February 6, 2008 hearing reveals that Magistrate Judge Shaffer's decision was well reasoned and took

into consideration both the information Defendant would need to support a motion to decertify as well as the potential burden individualized discovery would impose on Plaintiffs.  Moreover, Magistrate Judge Shaffer indicated that he might allow additional discovery at some point close to the end of the discovery process, once Plaintiffs had identified their trial witnesses.  Tr. At 19.

Finally, I reject Defendant's assertion that "plaintiffs appear to have conducted their own full opt-in discovery and are now using that discovery to unfairly surprise American Family."  In its Objection, Defendant states that Plaintiffs' counsel have sent a letter or questionnaire to the opt-in Plaintiffs that they have used to "cherry-pick" certain Plaintiffs in order to support their motion for Rule 23 class certification, and that Plaintiffs have used this information to "sandbag" Defendant.  Defendant surmises that Plaintiffs may have documents from opt-in Plaintiffs that have not been disclosed.  In their response, Plaintiffs deny that they have circulated a questionnaire and deny that they have "sandbagged" Defendant.  I need not resolve this dispute.  Defendant's complaint about the production of a single document during deposition of an opt-in Plaintiff does not support its position that it is entitled to individualized discovery from each and every opt-in Plaintiff.

Accordingly, I find no error with the Order of February 6, 2008.  Based upon the foregoing, it is

ORDERED that American Family's Appeal of the Magistrate Judge's Decision to Limit Opt-In Discovery, filed February 21, 2008 [#202] is **OVERRULED**.

Dated:  January 30, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge