UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Master Docket No. 06-cv-17430-WYD-CBS (MDL Docket No. 1743)

IN RE AMERICAN FAMILY MUTUAL INSURANCE CO. OVERTIME PAY LITIGATION

## ORDER AND NOTICE OF HEARING

THIS MATTER is before the Court on the Baldozier Plaintiffs' Motion for Approval of Supplemental Hoffman-La Roche Notice, filed November 16, 2007 [#141] and Plaintiff Robert Schultz's Motion for Approval of Supplemental Hoffman-La Roche Notice, filed November 21, 2007 [#145] (the "Motions"), and the Amendments to the Motions filed December 1, 2007 [#149] and December 2, 2007 [#152]. Defendant filed a combined brief in response to the Motions, and Plaintiffs each filed separate replies. A hearing on the Motions took place February 7, 2008. Following the hearing, the Court ordered the parties to meet and confer and file a proposed Notice and Consent to Join. On February 20, 2008, each party submitted a separate additional statement and proposed Notice and Consent to Join. Upon careful consideration of the arguments contained in the parties' Motions, responses, replies, amendments and supplemental statements, and the arguments made at the February 7, 2008 hearing, I find that the Motions for Approval of Supplemental Hoffman-La Roche [#141 & #145] should be **GRANTED** as set forth herein.

I.  Background:

Plaintiffs bring this action against Defendant for unpaid overtime compensation and related penalties and damages. By way of background I note that on July 8, 2005,

the Court approved the Baldozier Plaintiffs' Motion for Approval of Hoffman-La Roche Notice and granted "notice stage" certification of *Rocky Baldozier, et al. v. American Family Mutual Insurance Co.*, Case No. 04-cv-002174 as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). As noted in previous Orders, collective actions under the FLSA are expressly authorized by 29 U.S.C. § 216(b) in cases where the complaining employees are "similarly situated." The Tenth Circuit has approved a two-step approach for determining whether plaintiffs are "similarly situated." First, the Court makes an initial "notice stage" determination which requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102-3 (10th Cir. 2001). At the conclusion of discovery, the Court makes a second determination of whether the plaintiffs are "similarly situated" under a stricter standard, which includes analysis of the "disparate factual and employment settings of the individual plaintiffs." *Thiessen*, 267 F.3d at 1103.

In the *Baldozier* Complaint, Plaintiffs alleged that the potential collective action members are all vehicle physical damages claims representatives and similarly situated because they have all been denied overtime pay based on American Family's policy to classify them as "exempt" from the FLSA's overtime requirements. In addition, in connection with their Motion for Approval of Hoffman-La Roche Notice, the Baldozier Plaintiffs submitted Declarations asserting that all vehicle physical damage claims representatives, regardless of where they work and whatever their specific job title may be, have the same job function. I concluded that initial certification of the *Baldozier*

case was appropriate, and on August 5, 2005, approved a form Notice and Consent to Join to be sent to all potential class members. This Notice and Consent to Join was sent to:

> All persons who are as of the date of this Order, or at any point since October 20, 2001, have been employed by American Family Mutual Insurance Co., as Physical Damage Claim Analysts, Physical Damage Claim Representatives, or Physical Damage Claim Examiners.

By Order dated February 13, 2006, the *Baldozier* case and a case initiated in the Northern District of Illinois styled *Robert Schultz v. American Family Mutual Insurance Co.*, Civil Case No. 06-cv-00322 (Northern District of Illinois Civil Case No. 04-cv-05512), were consolidated by the Judicial Panel on Multidistrict Litigation ("MDL") and transferred to this Court as a single case. Prior to consolidation, a Notice and Consent to Join was sent to potential class members in the *Schultz* case. The Order Approving Sending of Notice, entered January 30, 2006, provided that Notice of the *Schultz* case be sent to:

> All persons who currently work or have worked for American Family as a Physical Damage Claim Representative, Physical Damage Claim Analyst and/or Physical Damage Claim Examiner at any time between January 25, 2003 and January 25, 2006.

II. Analysis:

Turning to the pending Motions, Plaintiffs request that the Court order that supplemental Notice be sent to Physical Damage Claims Analysts, Physical Damage Claim Representatives and Physical Damage Claim Examiners (collectively, "PDRs") and/or persons holding successor job titles performing the same job functions as the

PDRs were hired by Defendant after January 25, 2006. Plaintiffs contend that since August 2005, the date the initial collective action notice list was compiled, Defendant has continued to misclassify all PDRs and employees with successor job titles as exempt administrative employees. According to Plaintiffs, if the Motions are not granted, PDRs and employees with successor job titles not eligible to receive notice prior to January 25, 2006, will file a second lawsuit with identical allegations, which would likely be transferred to this Court. Plaintiffs have submitted a proposed Notice and Consent to join which is substantially similar to the Notice and Consent to Join previously approved by this Court in the *Baldozier* case in August 2005. However, Plaintiffs now seek to send to separate Notices - one containing the *Baldozier* caption to be distributed to potential FLSA collective action members outside of Illinois, Indiana, Iowa, and Missouri, and one containing the *Schultz* caption that will be sent to potential FLSA collective action members hired only in Illinois, Indiana, Iowa and Missouri. In addition, Plaintiffs seek to send this supplemental Notice and Consent to Join both to PDRs and to individuals holding "successor job titles" including Physical Damage Desk Adjusters, Physical Damage Desk Senior Adjusters, Physical Damage Field Adjusters, Physical Damage Field Senior Adjusters, Physical Damage Bilingual Adjusters, and Physical Damage Bilingual Senior Adjusters hired by Defendant on or after January 25, 2006. Plaintiffs contend that an additional round of Notices is justified given that this case was delayed for more than two years due to consolidation by the MDL Panel and briefing and decision on Defendant's motion for summary judgment. In addition, Plaintiffs assert that, from a case management perspective, it is appropriate to send

separate Notices in the *Baldozier* and *Schultz* cases.  Specifically, the Plaintiffs contend that Notice should be provided in the *Schultz* case to individuals in Illinois and the nearby states of Indiana, Iowa and Missouri because *Schultz* is also seeking class certification of an Illinois state law claim.  Similarly, Plaintiffs contend it makes sense for potential opt-ins in Minnesota, Ohio and Wisconsin and other states not included in the scope of the proposed *Schultz* distribution, to receive Notice and Consent to Join the *Baldozier* case because the Baldozier Plaintiffs are asserting Minnesota, Ohio, and Wisconsin state law claims.

Defendant has filed a brief in opposition to the Motions in which it asserts that the law does not support sending supplemental notice, that Plaintiffs have not presented evidence that current American Family employees in reorganized jobs are similarly situated to the named FLSA plaintiffs in the consolidated action, and that repeated notice is unfair and violates due process.

I find that the decision to send supplemental notice is within the Court's discretion.  *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (the Court has the procedural authority to "manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure").  Based on the arguments contained in the Motions as well as those presented at the February 7, 2008, hearing, I find that supplemental notice is appropriate in this case.  Moreover, I find that Plaintiffs have established that the supplemental notice should be sent to "PDR's and/or persons holding successor job titles performing the same job functions."  Plaintiffs have asserted

that starting in the summer of 2006, Defendant began a reorganization that gave new job titles to individuals who perform the same job function as the individuals who received the initial Notice and Consent to Join in the *Baldozier* and *Schultz* case. Based on Plaintiffs' assertions, as well as excerpts from deposition testimony and Declarations filed in connection with Plaintiffs' Motion for Class Certification, I find that it is appropriate to send supplemental Notice to PDR's and persons holding successor job titles. For purposes of sending supplemental "notice stage" certification, Plaintiffs have demonstrated that these individuals were "together the victims of a single decision, policy or plan" in that they have all been denied overtime pay based on Defendant's policy to classify them as "exempt" from the FLSA's overtime requirements, and that regardless of where they work and their specific job title, they all have the same job function. *Thiessen*, 267 F.3d at 1102-03.

As to the form of the Notice and Consent to Join, I note that Defendant continues to object to the inclusion of newly designated job positions created by the reorganization of American Family's Claims Department. For the reasons stated on record at the February 7, 2008, hearing, as well as the reasons set forth above, I reject these arguments. Defendant also asserts additional objections to Plaintiffs' proposed form Notice and Consent to Join which includes many of the same arguments previously raised when the Court first considered the Notice and Consent to Join sent in the *Baldozier* case. To the extent I previously ruled against Defendant with respect to these issues, I perceive no reason to revisit those arguments here. However, I agree with Defendant that Plaintiffs cannot determine which of the two consolidated cases a

potential opt-in may choose to join. I find that a single supplemental Notice and Consent to Join should be sent to all PDRs and individuals with successor job titles hired by Defendant after January 25, 2006. The supplemental Notice and Consent to Join shall explain the scope of the two consolidated cases and permit potential opt-ins to chose which case, if any, to join.

I also note that the parties' disagree as to the use of a third-party claims administrator in distribution of the supplemental Notice and receipt of the Consent to Join forms. Specifically, Plaintiff *Schultz* objects to use of an administrator as an unnecessary expense, and notes that no administrator was used in connection with the Notice and Consent to Join disseminated in the *Schultz* case. However, I find that use of a third-party administrator is appropriate to protect the integrity of the process and to protect the confidential information of potential opt-in plaintiffs.

Finally, when the Motions were raised for argument at the February 7, 2008, hearing, the parties concluded that I did not need to address equitable tolling because the applicable statute of limitations (three years for willful violations) would not negatively impact individuals hired after January 25, 2006. Under the FLSA, the statute of limitations for each individual plaintiff is not tolled until he or she files written consent to join the action, absent equitable tolling. 29 U.S.C. § 256(b). As set forth herein, a supplemental Notice in this case will be sent to persons hired by Defendant since January 25, 2006. It is possible, therefore, that as of the date of this Order, the statue of limitations may have run with respect to some of the potential opt-in plaintiffs in this case. I find that in the interest of justice, the claims of potential opt-in plaintiffs to whom

the supplemental notice will be sent should be equitably tolled as of February 7, 2008.

III. <u>Conclusion</u>:

Accordingly, it is hereby

ORDERED that Plaintiffs' Motion for Approval of Supplemental Hoffman-La Roche Notice, filed November 16, 2007 [#141] and Plaintiff Robert Schultz's Motion for Approval of Supplemental Hoffman-La Roche Notice, filed November 21, 2007 [#145] are **GRANTED**. It is

FURTHER ORDERED that the parties shall meet and confer and attempt to reach agreement as to a proposed form of Order and a proposed Notice and Consent to Join that are consistent with the rulings contained in this Order. These proposed documents shall be filed with the Court no later than **Tuesday, February 17, 2009**. It is

FURTHER ORDERED that a hearing concerning the form of Order and the form of the Notice and Consent to Join shall take place on **Friday, February 20, 2009, at 9:30 a.m.**

Dated: February 3, 2009

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge