UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Master Docket No. 06-cv-17430-WYD-CBS (MDL Docket No. 1743)

IN RE AMERICAN FAMILY MUTUAL INSURANCE CO. OVERTIME PAY LITIGATION

---

**ORDER**

---

I.     Introduction:

THIS MATTER is before the Court on American Family Mutual Insurance

Company's ("American Family") Motion to Dismiss 17 Opt-Ins for Failure to Respond to

Written Discovery, filed July 22, 2008 [#262]; American Family's Motion to Dismiss

Michelle Cottingham and Paige Yearick (*Schultz* opt-ins), filed July 25, 2008 [#264]; and

American Family's Motion for Summary Judgment on all Claims Brought By: (I) Non-

Responding Plaintiffs; (ii) Time-Barred Plaintiffs; and (iii) No Overtime Plaintiffs, filed

January 12, 2009 [#309].

II.    Background:

This matter is a consolidated action for unpaid overtime compensation and

related penalties and damages brought pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b), and various states' wage and overtime laws.  The action

is comprised of two consolidated cases including *Rocky Baldozier, et al. v. American

Family Mutual Insurance Co.*, Case No. 04-cv-02174, filed in this Court on October 20,

2004 (the "*Baldozier* case"), and a case initiated in the Northern District of Illinois styled

*Robert Schultz v. American Family Mutual Insurance Co.*, Civil Case No. 06-cv-00322

-1-

(Northern District of Illinois Civil Case No. 04-cv-05512) (the "*Schultz* case").  The cases were consolidated by the Judicial Panel on Multidistrict Litigation ("MDL") and transferred to this Court as a single case on February 13, 2006.

According to the Complaints in both *Baldozier* and *Schultz*, Plaintiffs are current or former American Family vehicle property damage claim adjusters, and seek certification of a nationwide collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated American Family employees, based on allegations that American Family unlawfully classified them as "exempt" from overtime payments under the FLSA, and failed and refused to pay them overtime.  I have entered numerous Orders in *Baldozier* and in the consolidated case, including an Order granting initial "notice stage" certification of the collective action in *Baldozier*, entered July 8, 2005 [*Baldozier*, 04-cv-02174 [#63]]; an Order in the consolidated action denying American Family's first motions for summary judgment with respect to the named Plaintiffs in *Baldozier* and *Schultz*, entered October 9, 2007 [#130]; and an Order Adopting and Affirming Magistrate Judge Shaffer's Orders with respect to the availability of individualized discovery in the consolidated action, entered January 30, 2009 [#311].  Pursuant to the Orders granting "notice stage" certification of the consolidated cases - including my Order of July 8, 2005, and a similar Order entered by the United States District Court for the Northern District of Illinois - "Notice" and a "Consent to Join" the consolidated cases has been sent to various current and former employees of American Family, informing them of the consolidated cases and providing information about opting-into the FLSA

collective actions.[1]  Based on the information contained in various status reports filed by the parties it appears that, to date, the *Baldozier* case is comprised of approximately four named Plaintiffs, and 124 opt-in Plaintiffs, and the *Schultz* case is comprised of one named Plaintiff and approximately twenty-eight opt-in Plaintiffs, including four Plaintiffs who also opted-in the *Baldozier* case.

III.    Motions To Dismiss

In the Motion to Dismiss 17 Opt-Ins, American Family seeks entry of default judgment against seven opt-in Plaintiffs in the *Schultz* case and ten opt-in Plaintiffs in the *Baldozier* case under Fed. R. Civ. P. 37(b)(2)(A)(vi) based on their failure to respond to written discovery.  Similarly, in the Motion to Dismiss Cottingham and Yearick, American Family seeks default judgement under Rule 37(b) against two opt-in Plaintiffs in the *Schultz* case based on their failure to appear for deposition.  Pursuant to Orders entered by Magistrate Judge Shaffer during a hearing on February 6, 2008, and in a subsequent Minute Order [#192], which I adopted and affirmed on January 30, 2009 [#311], American Family is entitled to production of written discovery from thirty-five opt-in Plaintiffs in the *Baldozier* case, and may serve written discovery on all of the opt-in Plaintiffs in the *Schultz* case.  In addition, American Family may depose twenty opt-in Plaintiffs in *Baldozier* and ten opt-in Plaintiffs in *Schultz*.

According to the motions to dismiss, some of the opt-ins have failed to respond

---

[1]On February 3, 2009 [#314], I entered an Order allowing supplemental notice of the consolidated cases be sent to certain individuals employed by American Family since January 25, 2006; however, by agreement of the parties, that supplemental notice has not yet been sent.

to written discovery propounded by American Family, or have failed to appear for deposition. Rule 37(b)(2) provides that if a party fails to obey an order to provide discovery the court where the action is pending may issue a variety of further orders as a sanction including an order rendering a default judgment against the disobedient party.

In their responses to the motions to dismiss, the *Baldozier* and *Schultz* Plaintiffs agreed that some of the opt-ins should be dismissed without prejudice, but contend that with respect to the majority of the opt-in Plaintiffs, default judgment is a drastic remedy and American Family should be required to show prejudice before dismissal is warranted. In various supplements to their responses, Plaintiffs indicate that since the filing of the motions to dismiss, certain opt-in Plaintiffs have responded to discovery, or have agreed to respond to discovery. In addition, it appears that since the motions to dismiss were filed, two of the opt-in Plaintiffs in *Baldozier,* Traci Mason and David Snyder, have requested that their FLSA claim be withdrawn and dismissed. I note that both Plaintiff Mason and Plaintiff Snyder filed a Notice of Request to Dismiss Claim on September 23, 2008 and November 12, 2008, respectively [#s 281 & 286]. Plaintiffs further concede that two of the opt-in Plaintiffs in *Schultz*, Plaintiff Todd Romazko and Plaintiff Mark Webb, should be dismissed because they are property adjusters, not physical damage adjusters, and their claims do not belong in this case.

I will dismiss Plaintiffs Mason, Snyder, Romazko and Webb without prejudice. However, with respect to the remaining opt-in Plaintiffs, I find no justification for imposition of the drastic sanction of default judgment pursuant to Rule 37(b)(2)(A)(vi).

As the Tenth Circuit has noted, "[t]he district court's discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (internal quotations omitted). I note that since the filing of the motions to dismiss, several of the opt-in Plaintiffs have either complied with discovery or indicated that they will comply. In addition, American Family is not entitled to individualized discovery from each and every opt-in Plaintiff, but rather discovery from a certain number of Plaintiffs. *See Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) (dismissal of non-responding opt-in plaintiffs in FLSA collective action inappropriate where defendant was not entitled to individualized discovery). While American Family is entitled to chose which Plaintiffs it will serve with written discovery or depose, it is not clear, based on the record before me, that American Family will suffer prejudice if it cannot obtain individualized discovery from these particular opt-in Plaintiffs. Finally, while I make no findings concerning whether American Family might be entitled to some other less severe sanction based on an opt-in Plaintiff's failure to respond to discovery, I note that American Family has not filed any motions to compel, or sought any alternative relief other than dismissal.

IV.    Motion for Summary Judgment

After filing the motions to dismiss, American Family filed a Motion for Summary Judgment seeking summary judgment as to three categories of opt-in Plaintiffs - (i) ten "non-responding" opt-in Plaintiffs; (ii) seven "time-barred" opt-in Plaintiffs; and (iii) three so-called "no overtime" opt-in Plaintiffs. All but one of the so-called "non-responding"

Plaintiffs are part of the group of opt-in Plaintiffs American Family sought to dismiss as part of the motions to dismiss discussed above.

A.    Standard for Summary Judgment

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'"  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'"  *Id.* (quotation omitted).  Summary judgment may be granted only where there is no doubt from the evidence, with all inferences drawn in favor of the nonmoving party, that no genuine issue of material fact remains for trial and that the moving party is entitled to judgment as a matter of law.  *Bee v. Greaves*, 744 F.2d 1387 (10th Cir. 1984).

B.    Non-Responding Plaintiffs

As to the ten so-called "non-responding" Plaintiffs, American Family asserts no material facts are in dispute, and that these ten opt-in Plaintiffs are administratively

exempt from the FLSA's overtime requirements as a matter of law. American Family asserts that the "non-responding" Plaintiffs perform work directly related to American Family's Management Policies and work that includes the exercise of discretion and independent judgement on matters of significance.

I have outlined the applicable law with respect to the FLSA and the standard for reviewing whether a particular employee is "exempt" from the FLSA's overtime requirements at length in prior orders, namely my Order denying American Family's first motions for summary judgment on October 9, 2007 [#130], thus, I will not repeat that standard again here. However, I note that for the most part, the arguments concerning the job duties and responsibilities of the "non-responding" opt-in Plaintiffs in the pending motion are the same arguments made in American Family's first motions for summary judgment with respect to the named Plaintiffs in *Baldozier* and *Schultz*, which I denied by Order dated October 9, 2007 [#130][2]. In the pending motion, American Family contends that the non-responding opt-in Plaintiffs' primary job duty of negotiating and settling claims requires them to exercise discretion and independent judgment. In my October 9, 2007 Order, I determined that "the majority of the material facts involving [the named] Plaintiffs' job duties are not in dispute," and concluded that, as a matter of law, that American Family has failed to demonstrate that the named Plaintiffs are subject to the FLSA administrative exemption because they failed to show that the named Plaintiffs exercise discretion and independent judgment as to matters of significance.

---

[2]In addition, I note that American Family did not seek leave to file a second motion for summary judgment as required by section III.B.1 of my Practice Standards.

-7-

American Family contends that my conclusion with respect to application of the administrative exemption to the named Plaintiffs should not apply to the "non-responding" Plaintiffs because the non-responding Plaintiffs have refused to respond to discovery and, therefore, no material issues of fact remain in dispute. However, the opt-in Plaintiffs' failure to provide individualized discovery is not a basis for re-litigating the conclusions reached in my Order denying American Family's first motions for summary judgment. As discussed above, American Family is not entitled to individualized discovery in this case. Moreover, whether the reasoning in my prior Order denying American Family's first motions for summary judgment applies with equal force to the non-responding Plaintiffs turns in part on whether all Plaintiffs in the consolidated case are "similarly situated." Collective actions under the FLSA are expressly authorized by 29 U.S.C. § 216(b) in cases where the complaining employees are "similarly situated." The determination of whether a group of employees are "similarly situated" is a two-step process. *Thiessen v. General Elec. Capital Corp*, 267 F.3d 1095, 1102-3 (10th Cir. 2001). First, the Court makes an initial "notice stage" determination of whether the plaintiffs are "similarly situated," which requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan," and then at the conclusion of discovery, the Court makes a second determination of whether the plaintiffs are "similarly situated" under a stricter standard. *Thiessen*, 267 F.3d at 1103.

As discussed above, both the *Baldozier* and *Schultz* cases have been conditionally certified as collective actions under the FLSA. Currently pending is

American Family's Motion for Decertification, in which it seeks decertification of the FLSA collective actions based on its contention that the named Plaintiffs and opt-in Plaintiffs are not "similarly situated" under the stricter standard articulated in *Thiessen*, *supra*.  If I determine that the Plaintiffs in *Baldozier* and *Schultz* are "similarly situated" this consolidated case will be certified as a collective action, and will proceed as such. Therefore, it makes little sense, at this stage of the proceedings, to make an individualized determination as to whether ten of approximately 148 opt-in Plaintiffs are subject to the administrative exemption under the FLSA when I have yet to determine whether all of the Plaintiffs in this case are "similarly situated" such that a collective action is appropriate.  Therefore, American Family's motion for summary judgment as to the so-called "non-responding" Plaintiffs is denied without prejudice.

      C.   <u>Time-barred Plaintiffs</u>

American Family next contends it is entitled to summary judgment with respect to several Plaintiffs in the *Baldozier* case whose claims are barred by the FLSA's statute of limitations.  Under the FLSA, a two-year statute of limitations applies to overtime claims unless a violation is willful, in which case a three-year statute of limitations applies.  29 U.S.C. § 255(a).  The statute of limitations for any claim begins to run from the time the cause of action accrues and continues until a valid consent is filed with the court.  29 U.S.C. § 256(b).  Here, American Family contends that even if the three-year statute of limitations applies, several of the *Baldozier* Plaintiffs fall outside that limitation because none of them worked for American Family during the three-year period prior to filing their consents to join in this case.

Pursuant to my Order of July 8, 2005 [#63], the *Baldozier* Plaintiffs claims were equitably tolled as of October 20, 2004, the date the named Plaintiffs filed the Complaint in *Baldozier*. Thus, claims accruing on or after October 20, 2001, are properly included in the *Baldozier* case. Accordingly, I allowed the Notice and Consent to join to be sent to "All persons who are as of the date of this Order, or at any point since October 20, 2001, have been employed by American Family Mutual Insurance as Physical Damage Claim Analysts, Physical Damage Claim Representatives, or Physical Damage Claim Examiners." American Family's suggestion that my Order on equitable tolling was made only for the purpose of sending the Notice and Consent to join is wrong and nonsensical. I see no need to comment further on the substance of my prior Orders with respect to equitable tolling and find this portion of American Family's motion to be little more than an attempt to re-argue the merits of substantive equitable tolling. Accordingly, American Family's Motion for Summary Judgment is denied with prejudice with respect to the so-called "time-barred" Plaintiffs.

D. <u>No Overtime Plaintiffs</u>

Finally, American Family seeks summary judgment with respect to three opt-in Plaintiffs, asserting that undisputed facts establish that none of these Plaintiffs actually worked more than forty hours per week. However, I find that this motion is premature because discovery with respect to damages has been stayed. *See* Minute Order dated October 8, 2008 [#282]. Therefore, American Family's Motion for Summary Judgment is denied without prejudice with respect to the "no-overtime" Plaintiffs.

V. <u>Conclusion</u>:

Accordingly, for the reasons set forth herein, it is hereby

ORDERED that American Family Mutual Insurance Company's ("American Family") Motion to Dismiss 17 Opt-Ins for Failure to Respond to Written Discovery, filed July 22, 2008 [#262] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Plaintiffs Traci Mason and David Snyder who shall be **DISMISSED WITHOUT PREJUDICE** from the *Baldozier* collective action, and as to Plaintiffs Todd Romazko and Mark Webb who shall be **DISMISSED WITHOUT PREJUDICE** from the *Schultz* collective action. The Motion to Dismiss is **DENIED** in all other respects. It is

FURTHER ORDERED that American Family's Motion to Dismiss Michelle Cottingham and Paige Yearick (*Schultz* opt-ins), filed July 25, 2008 [#264] is **DENIED**. It is

FURTHER ORDERED that American Family's Motion for Summary Judgment on all Claims Brought By: (I) Non-Responding Plaintiffs; (ii) Time-Barred Plaintiffs; and (iii) No Overtime Plaintiffs, filed January 12, 2009 [#309] is **DENIED WITHOUT PREJUDICE** with respect to the Non-Responding Plaintiffs and the No Overtime Plaintiffs and it is **DENIED WITH PREJUDICE** with respect to the Time-Barred Plaintiffs.

Dated: April 27, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge