UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Master Docket No. 06-cv-17430-WYD-CBS (MDL Docket No. 1743)

IN RE AMERICAN FAMILY MUTUAL INSURANCE CO. OVERTIME PAY LITIGATION

ORDER

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the "Motion to Enforce Consent Decree Motion to Intervene as Plaintiffs under Rule 24(A), 24(B) [sic]" (doc. # 387) filed by Movants Landon Donovan, Kyle Farnsworth, Jonathan Lee Riches, Abe Pollin, Umar Farouk Abdulmutallab, Colin Firth, and Martin Lukes on March 18, 2010. Pursuant to the Order of Reference dated March 7, 2006 (doc. # 18) and the memorandum dated March 23, 2010 (doc. # 388), this matter was referred to the Magistrate Judge. The court has reviewed the motion and the entire case file and is sufficiently advised in the premises.

Movants indicate their current address is the Federal Medical Center (FMC) in Lexington, Kentucky. (*See* doc. # 387). The court's independent research indicates that Jonathan Lee Riches is currently incarcerated at FMC Lexington. (*See* Federal Bureau of Prisons Inmate Locator www.bop.gov). Movants seek to intervene in this civil action "under Federal Rules of Civil Procedure, rule 24(A)- as a[n] unconditional matter of right . . . and under rule 24(B) - permissive intervention [sic] . . . ." (*See* doc. # 387). Movants state that their "constitutional rights are still being violated and Defendants are violating the FLSA against us. . . and defendants failed to provide us with overtime pay

and Defendants never compensated us for our willingness to work hard. . . . We have documents, exhibits, photographs, and transcripts for this court to see " (*See id.*).

Intervention is the proper mechanism for nonparties to protect interests that may be adversely affected by a trial court's judgment. *Felzen v. Andreas*, 134 F.3d 873, 874 (7th Cir. 1998). Fed. R. Civ. P. 24 contemplates two types of intervention: intervention as of right and permissive intervention. Rule 24 establishes four criteria for intervention as of right: (1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action. A potential intervener's interest must be a "direct, significant, legally protectable one . . . ." *In re Discovery Zone Securities Litigation*, 181 F.R.D. 582, 593 (N.D. Ill. 1998) (internal quotation marks and citation omitted). "In ascertaining a potential intervenor's interest in a case, our cases focus on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995).

Permissive intervention requires a petitioner to show: (1) timely application; and (2) a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b). "The decision to grant or deny a motion for permissive intervention is wholly discretionary" with the district court. *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P.

24(b)(3).

This civil action brought by Plaintiffs, former American Family physical damages adjusters, is a consolidated action for unpaid overtime compensation and related penalties and damages brought pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The action is comprised of two consolidated cases including Rocky Baldozier, et al. v. American Family Mutual Insurance Co., District of Colorado Civil Case No. 04-cv-02174, initially filed in this Court on October 20, 2004 (hereinafter "Baldozier"), and a case initiated in the Northern District of Illinois styled Robert Schultz v. American Family Mutual Insurance Co., District of Colorado Civil Case No. 06-cv-00322 (Northern District of Illinois Civil Case No. 04-cv-05512) (hereinafter "Schultz"). The cases were consolidated by the Judicial Panel on Multidistrict Litigation ("MDL") and transferred to this Court as a single case on February 13, 2006.

For purposes of intervention as of right, Movants have not established that they would be entitled to relief under any set of facts which could be proved under the claims in this civil action. Movants provide no information about the scope of their "documents, exhibits, photographs, and transcripts." Movants have not demonstrated any valid interest they have in this action.

For purposes of permissive intervention, Movants have not raised any claim or defense that shares a common question of law or fact with this civil action. Nor is Movants' request to intervene timely made. The lawsuit was commenced in 2006 and has substantially progressed since then.

Accordingly, IT IS ORDERED that:

1. The "Motion to Enforce Consent Decree Motion to Intervene as Plaintiffs under Rule 24(A), 24(B)" (doc. # 387) filed by Movants Landon Donovan, Kyle Farnsworth, Jonathan Lee Riches, Abe Pollin, Umar Farouk Abdulmutallab, Colin Firth, and Martin Lukes on March 18, 2010 is DENIED.

2. The court requests the Clerk of the Court to mail a copy of this Order to each of the Movants Landon Donovan, Kyle Farnsworth, Jonathan Lee Riches, Abe Pollin, Umar Farouk Abdulmutallab, Colin Firth, and Martin Lukes at FMC Lexington, P.O. Box 14500, Lexington, Kentucky 40512.

DATED at Denver, Colorado this 24th day of March, 2010.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge