**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Master Docket No. 06-cv-17430-WYD-CBS (MDL Docket No. 1743)

IN RE AMERICAN FAMILY MUTUAL INSURANCE COMPANY OVERTIME PAY LITIGATION

**JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE ACTION SETTLEMENT**

This Motion Relates to *Baldozier v. American Family and Schultz v. American Family*

*Baldozier* Plaintiffs Rocky Baldozier, Scott Donaldson, Jok Nicholson, Troy Hansen, Eric Stack, and Craig Thayer, and *Schultz* Plaintiff Robert Schultz ("Plaintiffs") on behalf of themselves and the members of the Collective Actions in the *Baldozier* and *Schultz* actions and Defendant American Family Mutual Insurance Company ("American Family") (collectively the "Parties"), move for Final Approval of the settlement of the *Baldozier* and *Schultz* FLSA collective actions.

The proposed settlement is fair and reasonable. Although collective action members will be receiving less than they were requesting in litigation, the settlement takes into account the considerable risks of continued litigation, including the risks on appeal.

The response of the collective action members to the notice of settlement overwhelmingly supports the settlement. Over 95% of collective action members (143 of 150) have affirmatively accepted the settlement by submitting a claim form or sending a letter accepting the settlement to Counsel for Plaintiffs in *Baldozier*. (Declaration of Natalya DeRobertis-Theye ¶12-13, Exs. I, J.) Only two of the 150 class members have chosen to withdraw their consents to join this action. (*Id.* ¶14, Ex. K.) Only two class

1

members have submitted negative comments about the settlement: one of those collective action members (Patrick Kurtenbach) has withdrawn his consent to join, so does not have standing to object; the other comment does not take into account the risks of continued litigation. (*Id.* ¶¶14, 16, Exs. K, M.)

The scope of the release is limited to claims that were brought or could have been brought arising out of the facts alleged. (Finberg Dec. in Support of Preliminary Approval [Dkt. 415] Ex.1 at ¶1.12 at p. 6)

Accordingly, the Parties jointly request that the court (1) grant Final Approval to the proposed settlement; (2) enter the proposed judgments in the *Schultz* and *Baldozier* actions; and (3) dismiss without prejudice the claims of the two persons—Patrick Kurtenbach and Rick Hardbarger—who have withdrawn their consents to join.

**Factual Background**

This Court granted preliminary approval to this proposed settlement on October 6, 2010. (Docket Entry No. 416). Pursuant to this Court's orders (Dkt. No. 416, 418), court-approved notices of the settlement were mailed to Collective Action Members in the *Baldozier* and *Schultz* actions on October 7, 2010 and October 21, 2010. (Declaration of Natalya DeRobertis-Theye at ¶¶3-9.)

    A.    **Summary of Terms of the Proposed Settlement**

The terms of the proposed settlement are set forth in the Agreement, which is attached as Exhibit 1 to Declaration of James M. Finberg In Support of Plaintiffs' Motion for Preliminary Approval (Dkt. 415)("Finberg Dec."). The following is a summary of some of the key terms of the settlement.

        1.    **Monetary Relief to Collective Action Members**

1)     American Family set aside $285,000 as a Settlement Fund to be paid as set

forth in the Agreement in full resolution of all claims alleged in the complaints in the *Baldozier* and *Schultz* actions and in full satisfaction of any claims for attorneys' fees and costs in these actions. The Settlement Fund will be distributed as follows.

    a.    Counsel for Collective Action Members may apply to the Court for up to 25% of the Settlement Fund ($71,250) for partial reimbursement of costs and expenses.

    b.    From the Settlement Fund, Counsel for Collective Action Members may ask the Court to award service payments of $500 each to the Collective Action Members who were deposed in this case (listed in Exhibit A to the Agreement) and who timely accept the settlement. The service payments are not wages but are intended to recognize the time and effort the Collective Action Members expended on behalf of the Class, as well as the risks they incurred during the course of this litigation.

    c.    From the Settlement Fund, American Family shall retain $1,250 for each Collective Action Member who withdraws his or her Consent to Join. Since two Collective Action Members have withdrawn their consents to join (Declaration of Natalya DeRobertis-Theye at ¶14), American Family will retain $2,500, leaving $282,500 to be distributed to Collective Action Members and their counsel.

    d.    The Net Settlement Fund (after partial reimbursement of costs and expenses awarded by the Court, payment, as approved by the Court, of up to $500 each to the 48 persons who were deposed in these actions and who timely accept the settlement,[1] and deduction of $2,500 for the two Collective Action Members who timely withdrew their Consents to Join) shall be divided evenly among the 143 Collective

---

[1] Of the 50 who were deposed, Mr. Kurtenbach and Mr. Hardbarger chose to withdraw their Consents to Join instead of accepting the settlement. (Natalya DeRobertis-Theye Dec. at ¶14)

Action Members in the *Baldozier* and *Schultz* actions who timely accepted the settlement, including the 111 persons listed on Exhibit B to the Settlement Agreement who are deemed to have timely accepted the settlement.  Assuming the Court approves the payment of $71,250 to Counsel as partial reimbursement of their costs, and approves the payment of $500 each to persons who were deposed, the 143 Collective Action Members who accepted the settlement will each receive $1,309.44, with 48 of them receiving an additional $500, raising their total recovery to $1,809.44.

      e.    Payments from the Net Settlement Fund to the Collective Action Members will be allocated 70% as wages and 30% to interest.  In addition to the Settlement Fund, Defendant will pay the employer's share of payroll taxes on amounts designated as wages.  Payments treated as wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax.

### 2. Release of Claims

In exchange for the consideration in the Agreement, with the exception of the two individuals who timely withdrew their Consent to Join, all 148 Collective Action Members who accepted the settlement (143) (Natalya DeRobertis-Theye Dec. at ¶¶12-13, Ex. I, J) or did not respond (5) (Natalya DeRobertis-Theye Dec. at ¶15, Ex. L) shall be deemed to release American Family from the Released Claims as defined in the Agreement.  The release is of claims that were brought of that could have been brought arising out of the facts alleged.  (Finberg Dec. [Dkt. 415], Ex. 1 at ¶1.12 at p. 6.) The 148 Collective Action Members who did not timely withdraw their Consents to Join shall be enjoined from prosecuting any Released Claims against American Family.

**B.    Status of the Litigation Prior To Settlement**

This matter has been extensively litigated.  The *Baldozier* and *Schultz* actions were filed on October 20, 2004 and August 20, 2004 respectively.

On August 5, 2005, the Court designated the *Baldozier* action as a Collective Action.  On November 1, 2005, the U.S. District Court for the Northern District of Illinois designated the *Schultz* action as a Collective Action.

On February 13, 2006, the Judicial Panel for Multi District Litigation sent the two actions to this district for pre-trial proceedings.

Discovery has been extensive.  Many thousands of pages of documents were exchanged. (Finberg Declaration at ¶ 13.)  Defendant deposed 51 Collective Action Members.  (*Id.* at ¶ 14.)  Counsel for Collective Action Members took approximately 12 depositions.  (*Id.* at ¶ 14.)

Legal briefing and argument has also been substantial.  Defendant's Motions for Summary Judgment as to the name plaintiffs were fully briefed and argued.  The Court denied those motions in an opinion regarding the FLSA claims in this case on October 9, 2007. ((Dkt. 130 *In Re American Family*).  Defendant's Motions to Dismiss the state class claims were fully briefed and argued.  The Court granted those motions in an opinion regarding supplemental jurisdiction on July 28, 2009. (Dkt. 355 *In Re American Family*)).  Defendant's Motion to Decertify the FLSA classes has been fully briefed and argued, and remains pending.

At this stage in the litigation, Counsel are fully familiar with the strengths and weaknesses of the claims in this case. (Finberg Declaration at ¶¶ 12-15.)

The parties negotiated the proposed settlement in good faith and at arms length. (*Id* at ¶ 16.)  Extensive discovery and motion practice in this case has allowed Counsel

5

for Collective Action Members– who are experienced wage and hour class action attorneys (Dkt. 77) – to assess the strengths and weaknesses of the claims against Defendant and the benefits of the proposed settlement under the circumstances of this case.  (Finberg Declaration at ¶¶ 12-15.)

## ARGUMENT

### I.  THE PROPOSED SETTLEMENT IS FAIR AND REASONABLE.

A "Court may enter a stipulated judgment [resolving FLSA Claims] after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-51 (11th Cir. 1982).  Here the proposed settlement is fair and reasonable.

The response of the collective action members in both the *Baldozier* and *Schultz* actions overwhelmingly supports settlement approval.  Over 95% of Collective Action Members (143 of 150) have affirmatively accepted the settlement by timely submitting a claim form (140), or previously sending a letter to Counsel for Plaintiffs in *Baldozier* accepting the settlement (3). (Natalya DeRobertis-Theye Dec. at ¶¶12-13, Ex. I, J.)  Only two collective action members have withdrawn their Consents to Join.  (Natalya DeRobertis-Theye Dec. at ¶14, Ex. K.)

Only two collective action members—Patrick Kurtenbach and Brian Johnson— have submitted negative comments about the settlement.  (Natalya DeRobertis-Theye Dec. at ¶14, Ex. K, ¶16, Ex. M.)  Of those, Mr. Kurtenbach has withdrawn his consent to join (Natalya DeRobertis-Theye Dec. at ¶14, Ex. K), so does not have standing to object. Even if he did have standing, Mr. Kurtenbach does not state any reasons for his objection. (*Id.*)

Brian Johnson expresses frustration that he and other Collective Action Members worked many hours over 40 hours a week without being paid additional wages for hours worked over 40 in a week.  He then states that "I feel we have a good chance to win, and many of the class members I have spoken to agree," but he does not discuss the risks of continued litigation.[2]  (Natalya DeRobertis-Theye Dec. at ¶16, Ex. M)  Although counsel for Plaintiffs continue to believe that their FLSA claims are meritorious, proceeding to trial always involves risks.  Moreover, even if Plaintiffs prevailed at trial, American Family would argue vigorously on appeal that any verdict in favor of Plaintiffs should be reversed.  American Family would make arguments based on the following three decisions by the Ninth, Seventh, and D.C. Circuit Courts of Appeal: *In re Farmers Exch., Claims Reps. Overtime Pay Litig.* 481 F.3d. 1119 (9th Cir. 2007) (insurance claims adjusters employed by Farmers Insurance exempt under the FLSA's administrative exemption); *Roe-Midgett v. CC Services, Inc.* 512 F.3d 865 (7th Cir. 2008) (insurance claims adjusters of CC Services exempt under the FLSA's administrative exemption); and *Robinson-Smith v. Government Employees Insurance Company*, 389 U.S.App.D.C. 46 (D.C. Cir. 2010) (insurance claims adjusters employed by GEICO exempt under the FLSA's administrative exemption).  Although counsel for Plaintiffs believe these decisions are distinguishable, the risks of continued litigation—at trial and on appeal— are considerable.  That has caused counsel for Collective Action Members to conclude that the settlement amount is fair and reasonable.

Given the risks of continued litigation, the positive response of the Collective Action Members, the recommendation of experienced counsel, and the narrow scope of the release, this Court should grant Final Approval to the proposed settlement.

---

[2] His statement of belief that counsel for plaintiffs are dropping the action because the court did not accept jurisdiction over the Rule 23 opt-out classes is not accurate.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court grant the instant Motion and (1) grant final approval to the Parties' proposed settlement; (2) enter the proposed judgments in the *Schultz* and *Baldozier* actions; and (3) dismiss without prejudice the claims of the two persons—Patrick Kurtenbach and Rick Hardbarger—who have withdrawn their consents to join.

Respectfully submitted,

Dated:  December 3, 2010   By:   */s/ James M. Finberg*

Michael Rubin
James M. Finberg
Eve H. Cervantez
Peder J.V. Thoreen
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone:   (415) 421-7151
Facsimile:    (415) 362-8064

Robert F. Hill
Jennifer H. Hunt
HILL & ROBBINS, P.C.
100 Blake Street Building
1441 Eighteenth Street
Denver, Colorado 80202
Telephone:   (303) 296-8100
Facsimile:    (303) 296-2388

Steven G. Zieff
David A. Lowe
Kenneth J. Sugarman
RUDY, EXELROD ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104
Telephone:   (415) 434-9800
Facsimile:    (415) 434-0513

Kelly M. Dermody
Heather H. Wong
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:	(415) 956-1000
Facsimile:	(415) 956-1008

LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Rachel Geman
250 Hudson Street
8th Floor
New York, NY  10013-1413
Telephone:	(212) 355-9500
Facsimile:	(212) 355-9592

Thomas A. Warren
LAW OFFICE OF THOMAS A. WARREN
2032-D Thomasville Road
Tallahassee, FL 32308
Telephone:	(850) 385-1551
Facsimile:	(850) 385-6008


Jeffrey Lewis
Todd Jackson
LEWIS, FEINBERG, RENAKER
 & JACKSON, P.C.
476 9th Street
Oakland, CA 94607
Telephone:	(510) 839-6824
Facsimile:	(510) 839-7839

Attorneys for *Baldozier* Collective Action Members

Dated: December 3, 2010 By: */s/ Michael S. Hilicki*

Michael S. Hilicki
THE WALNER LAW FIRM, LTD.
20 North Clark Street, Suite 2450
Chicago, Illinois 60602

Attorney for *Schultz* Collective Action Members

Dated:  December 3, 2010 By: */s/ Julie M. Williamson*
Julie M. Williamson

Julie M. Williamson
Julie Trent
BEIGING SHAPIRO & BURRUS, LLP
4582 S. Ulster Street Parkway, Suite 1650
Denver, CO  80237
Telephone:  (720) 488-0220
Facsimile:  (720) 488-7711

Earl H. Munson
Sarah A. Zylstra
Catherine Cetrangolo
BOARDMAN, SUHR, CURRY & FIELD LLP
One South Pinckney Street, 4th Floor
Madison, WI  53703
Telephone:    (608) 257-9521
Facsimile:    (608) 283-1709

James P. DeNardo
McKENNA STORER
33 N. LaSalle Street, Suite 1400
Chicago, IL 60602
Telephone:    (312) 558-3922

Attorneys for Defendant
American Family Mutual Insurance

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Julie Andrea Trent
jtrent@bsblawyers.com

Robert F. Hill
roberthill@hillandrobbins.com

Julie McCurdy Williamson
jwilliamson@bsblawyers.com

James M. Finberg
jfinberg@altshulerberzon.com

Lawrence H. Walner
walner@walnerlawfirm.com

Richard B. Wynkoop
RickWynkoop@Yahoo.com

Eve Hedy Cervantez
ecervantez@altshulerberzon.com

Michael Rubin
mrubin@altshulerberzon.com

Thomas Andrew Warren
tw@nettally.com

David A. Lowe dal@rezlaw.com

Kenneth J. Sugarman kjs@rezlaw.com

Steven G. Zieff szieff@reztlaw.com

Earl H. Munson
emunson@boardmanlawfirm.com

Sarah Anne Zylstra
szylstra@boardmanlawfirm.com

Heather H. Wong hwong@lchb.com

Michael S. Hilicki
msh@walnerlawfirm.com

Laurie Ellen Leader lleader@kentlaw.edu

Kristin D. Tauras
ktauras@mckenna-law.com

James P. DeNardo jdenardo@mckenna-law.com

Catherine Cetrangolo
ccetrangolo@boardmanlawfirm.com

Paul William Mollica
pwmollica@mmmglaw.com

Barbra L. Williams bwilliams@lchb.com

By: */s/ James M. Finberg*
James M. Finberg
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064