IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Master Docket No.  06-cv-17430-WYD-CBS (MDL Docket No. 1743)

IN RE AMERICAN FAMILY MUTUAL INSURANCE CO. OVERTIME PAY LITIGATION

---

ORDER GRANTING FINAL SETTLEMENT APPROVAL AND DISMISSING CASE

This Order Relates to *Baldozier v. American Family*, Case No. 04-cv-02174, and
*Schultz v. American Family*, Case No. 06-cv-00322[1]

---

THIS MATTER is before the Court on the Joint Motion for Final Approval of

Collective Action Settlement, filed December 3, 2010 [ECF No. 419], and the Motion for

Partial Reimbursement of Costs to Class Counsel and Payment of $500 Each to the 48

Collective Action Members Deposed, filed December 3, 2010 [ECF No. 421].  A hearing

on the motions took place on Friday, December 10, 2010.  For the reasons set forth

herein, the motions are **GRANTED.**

*Baldozier* Plaintiffs Scott Donaldson, Jok Nicholson, Troy Hansen, Eric Stack,

and Craig Thayer and *Schultz* Plaintiff Robert Schultz, individually and on behalf of

others similarly situated who have consented to join the *Baldozier* and *Schultz* collective

actions (collectively, with Plaintiffs, "Collective Action Members"), and Defendant

---

[1]This matter is a consolidated action for unpaid overtime compensation and
related penalties and damages brought pursuant to the Fair Labor Standards Act
("FLSA"), 29 U.S.C. § 216(b), and various states' wage and overtime laws.  The action
is comprised of two consolidated cases including *Rocky Baldozier, et al. v. American
Family Mutual Insurance Co.*, Case No. 04-cv-02174, initially filed in this court on
October 20, 2004 (the "*Baldozier* case"), and a case initiated in the Northern District of
Illinois styled *Robert Schultz v. American Family Mutual Insurance Co.*, Civil Case No.
06-cv-00322 (Northern District of Illinois Civil Case No. 04-cv-05512) (the "*Schultz*
case").  The cases were consolidated by the Judicial Panel on Multidistrict Litigation
("MDL") and transferred to this Court as a single case on February 13, 2006.

American Family Mutual Insurance Company ("Defendant" or "American Family") (collectively "the Parties") have moved for an order granting final approval to the terms of settlement in the above-captioned action for minimum wage and overtime compensation arising under the Fair Labor Standards Act of 1938 ("FLSA"), and dismissing the case in its entirety as to all Collective Action Members in *Baldozier* and *Schultz*.

This Court, having reviewed the Parties' Joint Motion For Final Approval of FLSA Settlement And Dismissal Of Claims and the exhibits attached thereto ("Joint Motion"), and having reviewed the files, records, and proceedings in this action, finds as follows:

1.      The settlement of the *Baldozier* and *Schultz* actions was reached through arm's-length bargaining.

2.      Sufficient investigation, discovery, and motion practice has been completed to enable the Parties, through their counsel, to make educated decisions regarding: (i) the strengths and weaknesses of their respective positions; and (ii) the reasonableness of the terms of settlement in light of those respective strengths and weaknesses and the cost and risk of proceeding with litigation through trial.

3.      The Parties have at all times been represented by counsel familiar with this case and experienced in similar litigation.

4.      Collective Action Members in the *Schultz* and *Baldozier* actions were sent a written Notice of Settlement, and were given 30 days to withdraw their consents to join these actions, if they desired. That Notice of Settlement constituted the best notice practicable under the circumstances, was accomplished in all material respects, and

fully met the requirements of the FLSA, due process, the United States Constitution, and any other applicable law.

5. The number of opt-in class members who chose to withdraw their consents to join (2) is minimal when compared to the size of the Collective Actions as a whole (150).

6. The terms and conditions of settlement set forth in the Joint Motion and the Settlement Agreement are a fair and reasonable resolution of a bona fide dispute arising under the FLSA, and are in the best interest of the Parties in light of the foregoing, and the inherent risks and costs associated with proceeding with litigation through trial.

7. This Order incorporates by reference the definitions in the Settlement Agreement such that all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

ACCORDINGLY, IT IS HEREBY:

ORDERED that Pursuant to the procedures for a collective action under the FLSA, and as otherwise required, this Court hereby **GRANTS FINAL APPROVAL** of the terms of the Settlement Agreement, the terms of which are hereby incorporated herein and made an Order of the Court. It is

FURTHER ORDERED that the claims of the Collective Action Members who returned a timely Claim Form accepting the settlement ("Qualified Collective Action Members") shall be **DISMISSED WITH PREJUDICE**. Defendant shall make payment to those individuals, in accordance with the terms of the Settlement Agreement. The

111 *Baldozier* Collective Action Members who previously signed and returned a letter accepting the settlement circulated by *Baldozier* counsel are deemed to be Qualified Collective Action Members unless they withdrew their Consents to Join. A list of the 143 Qualified Collective Action Members is attached hereto as Exhibit 1. It is

FURTHER ORDERED that payment of $500 each to persons who were deposed and accepted the settlement is reasonable. The list of such individuals is attached hereto as Exhibit 2. Such payments are not wages for work performed by these individuals for American Family, but instead are recognition of the time and effort expended by these individuals to further Plaintiffs' lawsuits. It is

FURTHER ORDERED that the equal distribution of the Net Settlement Fund (after partial reimbursement of costs to attorneys and payment of $500 each to the 48 persons who were deposed and timely accepted the settlement, and deduction of $1,250 each for the two persons who timely withdrew their consents to join), among Qualified Collective Action Members is reasonable. It is

FURTHER ORDERED that the claims of the two Collective Action Members who timely withdrew their Consents to Join the *Baldozier* and *Schultz* actions (including the claims of named Plaintiff Patrick Kurtenbach) (collectively, "Withdrawing Collective Action Members") shall be **DISMISSED WITHOUT PREJUDICE**, and the statute of limitations shall be tolled for these persons for a period of 30 days from the date of this Order. A list of the two Withdrawing Collective Action Members is attached as Exhibit 3. Counsel for Collective Action Members in the actions no longer represent those persons. Those persons are free to retain counsel of their choosing and to re-file their

own action in an appropriate court as permitted by law and applicable rules of procedure. The FLSA collective actions conditionally certified in the *Baldozier* and *Schultz* actions are decertified with respect to the claims of the Withdrawing Collective Action Members. It is

FURTHER ORDERED that the claims of the 5 Collective Action Members who did not respond to the Notice of Settlement (other than the 111 *Baldozier* Collective Action Members who previously signed and returned a letter accepting the settlement and did not withdraw their Consents to Join) despite diligent efforts by Plaintiffs' counsel to secure a response, shall be dismissed with prejudice. No payment shall be made to those persons. Those Non-Responding Collective Action Members are listed on Exhibit 4. It is

FURTHER ORDERED that the amount of $71,250 allocated to Plaintiffs' counsel for partial reimbursement of costs, and expenses is reasonable. Defendant shall make such payment in accordance with the Settlement Agreement. It is

FURTHER ORDERED that all required settlement payments shall be made within 7 days after the Effective Date of the Settlement Agreement, pursuant to the Settlement Agreement. If these payments are not timely made, Counsel for Collective Action Members may request that this Order be vacated. It is

FURTHER ORDERED that the Court approves and adopts the Release set forth in the Settlement Agreement. By operation of the entry of this Order, with the limited exception of the two Withdrawing Collective Action Members (listed on Exhibit 3), all Collective Action Members, by virtue of this Order, have forever and fully released

American Family, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the *Baldozier* or *Schultz* lawsuits, from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which they have or might have, known or unknown, asserted or unasserted, of any kind whatsoever, that are based upon or arise out of the facts, acts, transactions, occurrences, events or omissions alleged in the *Baldozier* or *Schultz* actions ("Released Claims"). The Released Claims include without limitation claims asserted in the *Baldozier* and *Schultz* actions and any other claims based on alleged misclassification under state or federal law governing overtime pay, exempt status, failure to make payments due to Collective Action Members had they been classified as nonexempt, failure to keep records of hours worked or compensation due, and penalties, liquidated damages, interest, costs, and attorneys' fees for any of the foregoing. All Collective Action Members who did not timely withdraw their Consents to Join, are hereby enjoined from prosecuting any Released Claims against American Family. It is

FURTHER ORDERED that the Court acknowledges that American Family at all times denied any and all wrongdoing and liability, and that American Family agreed to

resolve this action solely to avoid the cost of continued litigation. It is

FURTHER ORDERED that, without affecting the finality of this Order, this Court retains continuing jurisdiction over the Parties and the construction, interpretation, implementation, and enforcement of the Settlement Agreement and over the administration and distribution of settlement benefits. Subject to that retention, and except as to the Withdrawing Collective Action Members (whose claims are dismissed without prejudice) the *Schultz* and *Baldozier* actions are dismissed with prejudice, each party to bear his, her or its own costs and attorneys fees except as provided above in paragraph 8. It is

FURTHER ORDERED that the Clerk of the Court shall enter judgment in the *Baldozier* and *Schultz* actions according to the form of Judgments attached hereto as Exhibits 5 and 6.

Dated: December 14, 2010

                                    BY THE COURT:

                                    s/ Wiley Y. Daniel
                                    Wiley Y. Daniel
                                    Chief United States District Judge